IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

TERRANCE PROCTOR                                                                                          PLAINTIFF
ADC #87410

V.                                        NO: 5:10CV00318 JMM/HDY

RANDALL E. MANUS *et al.*                                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge (if such a hearing is granted) was not offered at the
        hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

Plaintiff Terrance Proctor, currently incarcerated at the Varner Super Max Unit of the Arkansas Department of Correction ("ADC"), filed this *pro se* complaint (docket entry #1), pursuant to 42 U.S.C. § 1983, on November 2, 2010. Defendants are former deputy assistant warden Randall E. Manus, internal affairs officer James Gibson, and disciplinary hearing officer Minnie L Drayer. Plaintiff alleges multiple violations in connection with a disciplinary event in May of 2009. The disciplinary charges were made after telephone comments Plaintiff made to an outside acquaintance which ADC officials deemed to be a threat, and Plaintiff's subsequent receipt of $1,000.00 from the individual to whom he made the comments.

Plaintiff's complaint addresses claims regarding the disciplinary process, classification and unit transfer issues, loss of money, and alleged equal protection violations. However, regardless of the characterization Plaintiff gives his various claims, he in essence is alleging that he has been retaliated against for his litigation activities, and that the retaliatory actions resulted in him losing $1,000.00, being disciplined, and being transferred to a more restrictive unit.

On May 18, 2011, Defendants filed a motion to dismiss, along with a brief in support (docket entries #25 & #26). After the Court entered an order advising the parties that it would treat the motion as a motion for summary judgment, Defendants filed a statement of facts (docket entry #36). Plaintiff has filed a response to the motion (docket entry #38), and a response to the statement of facts (docket entry #42). Plaintiff has also filed two affidavits (docket entries #43 & #44), and an exhibit (docket entry #45).

## I. Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

Defendants claim that they are entitled to summary judgment because Plaintiff's action is barred by the doctrines of *res judicata* and collateral estoppel, that his due process claims are barred,

3

that his equal protection rights were not violated, that his eighth amendment rights were not violated, that he failed to assert a right to which first amendment protection would attach, that he has no physical injury and is therefore not entitled to monetary damages or an award for emotional damages, and that they are entitled to sovereign and qualified immunity.

As discussed earlier, the heart of Plaintiff's complaint is that he is being retaliated against because of his constitutionally protected litigation activities. According to Plaintiff, this retaliation first resulted in the loss of $1,000.00 which was sent to him in error by his typist, Joe Campbell. Plaintiff says the money should have been sent to the Court. Because it is clear that Plaintiff has pursued recovery of the $1,000.00 before the Arkansas Claims Commission (docket entry #26-1), any attempt to pursue claims relating to the confiscation of the money is barred by principles of *res judicata*. *See Steffan v. Housewright*, 665 F.2d 245, 247 (8th Cir. 1981)(§ 1983 claim dismissed when filed after findings by Claims Commission on same issue); cited in *Williams v. Campbell*, 163 F.3d 604 at *1 (8th Cir. 1998)(unpublished per curiam)(dismissing § 1983 claim as precluded by the plaintiff's successful negligence case before the Arkansas Claims Commission).

Plaintiff next claims that retaliation resulted in him being charged with disciplinary violations based on conversations he had with friends and relatives, including Campbell.[1] Plaintiff's charges were considered at a May 26, 2009, hearing, where he was found guilty. The United States Supreme Court has held that in prison discipline cases, the requirements of due process are satisfied if "some evidence" supports the decision by the prison disciplinary board. *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). In reaching that conclusion, the Court cited with approval the Eighth

---

[1] The charges related to threats Plaintiff allegedly made against a medical provider, and Campbell's attempt to send Plaintiff money.

Circuit decision of *Willis v. Ciccone*, 506 F.2d 1011, 1018 (8th Cir. 1974), which held that "[t]he sole and only issue of constitutional substance is whether there exists any evidence at all, that is, whether there is any basis in fact to support the action taken by prison officials." Documents supplied by Plaintiff indicate that hearing officer Drayer relied upon staff reports, copies of the mail package which was sent to Plaintiff, and the money which was found in the package (docket entry #2, page #14). Accordingly, some evidence supports Drayer's decision, and the requirements of due process were satisfied.

As a result of his disciplinary conviction, Plaintiff cannot succeed with any claim that the disciplinary charges were issued in retaliation for constitutionally protected activities, whether those activities were speech, litigation, or other actions. *See Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir.1994) (prison disciplinary committee's finding, based on corrections officer's description of events, that prisoner actually violated prison regulations essentially "checkmate[d]" prisoner's retaliation claim), cert. denied, 515 U.S. 1145 (1995).

Plaintiff also contends that he was denied due process before he was transferred to the Varner Super Max Unit following his conviction. In some situations, an inmate may have a liberty interest in avoiding certain types of segregation. *See Wilkinson v. Austin*, 545 U.S. 209, 223-4 (2005) (inmates had liberty interest in avoiding assignment to a maximum security unit). Although inmates may in some cases be entitled to due process protections, unlike the plaintiffs in *Wilkinson*, Plaintiff has described no sanction which imposes an "atypical and significant" hardship that would give rise to due process protection as set forth in *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995). Additionally, the Eighth Circuit has "consistently held that administrative and disciplinary segregation are not atypical and significant hardships under *Sandin*." *Portly-El v. Brill*, 288 F.3d

1063, 1065 (8th Cir. 2002). Therefore, there was no due process violation with respect to Plaintiff's transfer.

Although Plaintiff cannot maintain a claim for allegedly retaliatory disciplinary charges, or for denial of due process with respect to his property, disciplinary hearing, or unit transfer, Plaintiff also is alleging that he was transferred to a more restrictive unit in retaliation for his constitutionally protected litigation activities, and other inmates who committed similar, or worse, offenses, were treated less harshly. Plaintiff has not alleged that any difference in treatment was motivated by his membership in a protected class. Rather, Plaintiff contends that he was transferred to a less desirable unit when other inmates who committed similar offenses were not because of his litigation history. Thus, Plaintiff contends the transfer was retaliatory because he exercised his first amendment rights. Plaintiff faces a substantial burden in proving that the actual motivating factor in the transfer was impermissible retaliation. *Goff v. Burton*, 7 F.3d 734, 737 (8th Cir. 1993). Decision makers are presumed to be impartial and Plaintiff's subjective beliefs, without more, that officials acted improperly are insufficient to survive a motion for summary judgment. *de Llano v. Berglund*, 282 F.3d 1031, 1035-36 (8th Cir. 2002). Even if retaliation is one factor in the transfer, Plaintiff is required to prove that the transfer would not have occurred "but for" the retaliation. *See Kind v. Frank*, 329 F.3d 979, 981 (8th Cir. 2003)(finding retaliation not a "but for" cause of transfer where record demonstrated that inmate was disciplined and transferred due to a pattern of misbehavior). *See also Ponchik v. Bogan*, 929 F.2d 419, 420 (8th Cir. 1991)(rejecting retaliatory transfer claim even where history of filing lawsuits was clearly a factor in transfer). As was the case in *Kind* and *Ponchik*, the evidence indicates that Plaintiff was disciplined and transferred for a pattern of misbehavior. Specifically, Plaintiff's threats, improper use of the mail, and possession

of money, provide a valid basis for the transfer. Although Plaintiff characterizes the evidence differently, the comments he made to his acquaintance, and his receipt of money in the mail, are undisputed. Accordingly, Plaintiff cannot prove that his discipline and transfer would not have occurred "but for" retaliation. Plaintiff's transfer bore a rational relation to ensuring the safety of individuals at the prison. Because there was no impermissible retaliation, no action Defendants took burdened a fundamental right, and there was therefore no equal protection violation. *See Weiler v. Purkett*, 137 F.3d 1047, 1051-52 (8th Cir.1998) (en banc) (elements of equal protection claim). No material facts are in dispute, and Defendants are entitled to summary judgment.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for summary judgment (docket entry #25) be GRANTED and Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this order or any judgment entered hereunder, would not be taken in good faith.

DATED this  5   day of December, 2011.

_____
UNITED STATES MAGISTRATE JUDGE